**The below described is SIGNED.**

**Dated: September 30, 2010**

　　　　　　　　　　　　　　　　　**R. KIMBALL MOSIER**
　　　　　　　　　　　　　　　　　**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re:<br><br>JOSE RUIZ<br>CARRIE RUIZ,<br><br>　　　　　　Debtors. | Bankruptcy Number: 10-25368<br><br>Chapter 7<br><br>Judge R. Kimball Mosier |
|---|---|

## MEMORANDUM OPINION

　　　　This matter came before the court on July 21, 2010 on the motion of Jose and Carrie Ruiz (Debtors) to allow the Debtors to retain funds and on the motion of Gary E. Jubber, the chapter 7 Trustee (Trustee), for an order directing Debtors to turn over property of the estate.  T. Jake Hinkins of Hinkins Law, LLC appeared on behalf of the Debtors, and David R. Hague of Fabian & Clendenin appeared on behalf of the Trustee.  After considering the pleadings  and the argument of counsel, the Court took the matter under advisement and now issues this ruling.

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O), and 1334. Venue is appropriate under 28 U.S.C. § 1408(1).

**FACTS**

1. One month prior to the Debtors filing their chapter 7 bankruptcy petition, the Debtors wrote four checks the balance of which was to be withdrawn from their various checking accounts (the "Prepetition Checks"). Among the checks written by the Debtors were the following:

> a) A check written to Fred Christensen on March 29, 2010 for $2,196.50, in payment for hay used in conjunction with Debtors' business. This check was honored and paid by Zions Bank on April 28, 2010.
>
> b) A check written to Riverview Ward on April 1, 2010 for $200.00. The check, a charitable contribution, was honored and paid by Zions Bank on April 26, 2010.
>
> c) A check written to MHSA on April 16, 2010 for $240.00 in conjunction with Debtors' business. This check was honored and paid by Zions Bank on April 27, 2010.
>
> d) A debit check, in favor of CitiMortgage Inc., initiated by the Debtors on April 23, 2010 for $1,118.47 on the Debtors' mortgage obligation. This debit check was posted by Zions Bank on April 27, 2010.

2. On April 24, 2010, the Debtors filed their petition with this Court commencing a case under chapter 7. On the same day, the Debtors filed their Schedules of Assets and Liabilities, Statement of Affairs, and Statement of Social Security Number. The Debtors'

2

Schedule B, identified at line 2 the Debtors' various checking and savings accounts and provided the last four digits of the Debtors' checking account number with Zions Bank.

    3.      Gary E. Jubber was appointed the interim trustee on April 24, 2010.

    4.      The Court takes judicial notice of the procedure it utilizes to notify a newly appointed chapter 7 trustee of his appointment and provide the chapter 7 trustee with the pleadings filed in each case to which the trustee is assigned. The Court's Electronic Case Filing System notifies a newly appointed chapter 7 trustee of his appointment and provides the trustee, within 24 hours of the time the case was commenced, access to all of the available pleadings in the newly filed case. Because the Trustee was appointed on April 24, 2010, the Court takes judicial notice that the Trustee was notified of his appointment and given access to all of the filed pleadings filed in this case on or before April 25, 2010.

    5.      A Meeting of Creditors for the Debtors' case was conducted on June 10, 2010. At the meeting, the Trustee directed the Debtors to turn over the following funds held in the Debtors' accounts on the petition date: (1) $3,524.99 held at Zions Bank; (2) $73.66 held at Mountain America Credit Union; (3) $561.14 held at Granite Credit Union; and (4), $832.00 held in an ING Annuity.

    6.      The Debtors object to the Trustee requiring them to turn over the $3,524.99, held at Zions Bank, but have raised no objection with respect to the funds held in accounts at the other three savings institutions.

    7.      The Debtors argue that they should not be required to pay funds to the Trustee that were transferred to the four payees postpetition. The Debtors filed a motion to retain these funds.

8.      The Trustee filed an objection to the Debtors' motion to retain funds and additionally moved the Court for an Order directing Debtors to turn over property of the estate pursuant to §§ 521(a)(4) and 542(a) of the United States Bankruptcy Code.

## DISCUSSION

The scope of § 541(a) is broad and includes all legal and equitable interests of the debtor in property as of the commencement of the case, including:

> [A]ny property made available to the estate by other provisions of the Bankruptcy Code. *See H.R.Rep. No. 950595, p. 367 (1977).* Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

*U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). Accordingly, the Debtors' interest in their bank accounts became property of the estate upon commencement of this bankruptcy proceeding.

At present, there is a split among the courts that have ruled on this controversy. This Court has located seven published decisions addressing this controversy. Four decisions hold that debtors are liable to the bankruptcy estate for the value of the funds withdrawn postpetition without court authorization.[1] Three decisions hold that debtors are not liable to the bankruptcy estate for the value of the funds withdrawn postpetition without court authorization.[2]

**I. Property of the Estate**

---

[1] *In re Brubaker*, 426 B.R. 902 (Bankr. M. D. Fla. 2010); *In re Sawyer*, 324 B.R. 115 (Bankr. D. Ariz 2005); *In re Dybalski*, 316 B.ER. 312 (Bankr. S. D. inc. 2004); and *In re Maurer*, 140 B.R. 744 (D. Minn. 1992).

[2] *In re Pyatt*, 348 B.R. 783 (8th Cir. BAP 2006); *In re Taylor*, 332 B.R. 609 (Bankr. W. D. Mo. 2005); and *In re Figueira*, 163 B.R. 192 (Bankr. D. Kan. 1993).

4

The Trustee argues that the funds in the accounts are property of the estate and that under § 542 the Debtors must turn over and account for the property. The Trustee cites *In re Marshall*, 550 F.3d 1251, 1255 (10th Cir. 2008) and *In re Montgomery*, 224 F.3d 1193, 1194 (10th Cir. 2000), to support his proposition that funds held in a debtor's bank account on the petition date are property of the estate. As explained below, the Court finds that the interest held by the Debtors in their Zions Bank account became property of the estate on the petition date.

**II. Possession, Custody or Control of the Funds**

The Trustee cites *In re Amdura,* 75 F.3d 1447, 1551 (10th Cir. 1996) to support his argument that Debtors were in possession, custody, and control of the funds on deposit at Zions Bank. *Amdura* supports the Court's finding that the Debtors' interest in their Zions Bank account became property of the estate, but it does not address the issue of possession, custody, or control of the funds. The question of possession, custody, and control of the Debtor's interest in a bank account is more complex than a simple determination that cash is property of the estate.

Possession, custody, and control of funds held on deposit in a bank account are issues addressed by *Citizens Bank of Maryland v. Strumph,* 516 U.S. 16 (1995) which makes clear that funds held on deposit in a debtor's bank account do not belong to the debtor and do not belong to the bankruptcy estate. Funds held by a bank "consists of nothing more or less than a promise to pay, from the bank to the depositor" *Id* at 21. Zions Bank was in possession, custody and control of the funds on deposit and the funds belonged to Zions Bank on the petition date. The Debtors were in possession, custody, and control of a promise to pay from the bank to the Debtors. When the Debtors disclosed the bank account information in their bankruptcy schedules, they constructively turned over possession, custody, and control of the bank's promise to pay to the Trustee. Because the Trustee stands in the shoes of the Debtors, see *Sender v. Simon*, 84 F.3d

5

1299 (10th Cir. 1996), the bank's promise to pay the Debtors became a promise to pay the Trustee.

### III. The Debtors' Duties

The Trustee argues in support of his motion for turnover that the Debtors should have: (1) placed a stop payment on the Prepetition Checks; (2) closed the bank account; (3) contacted the bank and provided the bank with notice of the bankruptcy; and (4) withdrawn the funds from the bank and deliver cash to the Trustee (collectively referred to as the "Tasks"). The Trustee's argument implies or assumes that the Debtors had a duty to perform the Tasks, that they failed to perform their duty, that the estate suffered a loss because the Debtors failed to perform their duty, and that the Debtors should be held responsible for the resulting loss to the estate because Debtors failed to perform their duty.

It is unclear from the Trustee's memorandum whether the Trustee argues that the Debtors should have performed the Tasks prepetition or postpetition. In an effort to fully evaluate the Trustee's argument, the Court will analyze the Trustee's argument from both a prepetition perspective and a postpetition perspective.

**(A). Prepetition Duties**

Debtors do not submit themselves to the jurisdiction of the bankruptcy laws until they file their petition. Thus, the bankruptcy laws and rules generally do not apply to debtors who have not yet filed for relief.[3] Nowhere in the Bankruptcy Code is there a requirement that prior to filing bankruptcy an individual must stop payment of checks, close their bank accounts, notify banks of their intention to file bankruptcy, or withdraw all cash from their bank accounts.

---

[3] 11 U.S.C. § 101(13) states as follows: "The term 'debtor' means person or municipality concerning which a case under this title has been commenced."

Likewise, there is no bankruptcy rule to impose such a duty upon individuals who are contemplating the filing of bankruptcy.

### (B).  Postpetition Duties

At the moment a bankruptcy petition is filed, control over property of the estate passes from the debtor in a chapter 7 case to the trustee.  A chapter 7 debtor's duties are defined under § 521 of the Bankruptcy Code.  Under § 521(a)(3) a chapter 7 debtor is required to cooperate with the trustee.  A debtor's duty to cooperate does not impose a duty upon a chapter 7 debtor to stop payment of outstanding checks, close bank accounts, liquidate bank accounts into cash, or even notify the bank of the fact that the debtor has filed bankruptcy.

Bankruptcy Rule 4002 describes additional duties of a debtor.  Nowhere in Rule 4002 is a duty imposed upon a chapter 7 debtor to stop payment of outstanding checks, close bank accounts, liquidate bank accounts into cash, or even notify the bank of the fact that the debtor has filed bankruptcy.

Neither the Bankruptcy Code nor the Rules impose a duty upon a chapter 7 debtor to perform any of the Tasks described by the Trustee.  Had the drafters of the Bankruptcy Code and Rules intended that debtors perform any or all of the Tasks, they could have done so by incorporating one or more of the Tasks into the Bankruptcy Code or the Bankruptcy Rules.  It is not the place of this Court to legislate new duties upon debtors.

One of the duties the Trustee attempts to assign to the Debtors is actually a duty that Rule 2015(a)(4) assigns to the Trustee.  Rule 2015(a)(4) provides that the trustee, as soon as possible after the commencement of the case, shall give notice of the case to every entity known to be holding money subject to withdrawal or order of the debtor.  Accordingly, the Trustee, not the Debtors, had the duty to notify banks of the commencement of the case.

**IV. Recovery of the Funds**

The transfer of the bank account funds to the payees may constitute an unauthorized postpetition transfer of property of the estate that is avoidable under § 549(a). *In re By-Rite Distributing, Inc.*, 89 B.R. 906 (D. Utah 1988) (when a check written prepetition is paid postpetition, the transfer constitutes a postpetition transfer of estate property that is avoidable under § 549). A chapter 7 trustee, not a chapter 7 debtor, is vested with the power to avoid unauthorized postpetition transfers under § 549(a).

Imposing this burden upon the trustee rather than the debtor is consistent with broad bankruptcy policies. If a purpose would be served by avoiding the unauthorized postpetition transfers, a chapter 7 trustee may advance the goal of equal distribution among creditors. *In re Pyatt*, 348 B.R. 783 (8th Cir BAP 2006).

The Debtors were not prohibited from writing prepetition checks. To saddle or surcharge the Debtors with the burden to replenish this bankruptcy estate for the Prepetition Checks out of their funds[4] would frustrate the policy intended to give them a fresh start.

## CONCLUSION

The Court finds that the Debtors were not prohibited from writing checks prepetition, and that they had no duty, either prepetition or postpetition, to stop payment of any checks, close their bank accounts, notify banks of their bankruptcy filing or withdraw funds from their bank

---

[4]The Trustee's motion relies upon the Debtors' alleged bad conduct or failure to act as its basis. The Bankruptcy Code provides a trustee with specific remedies when a debtor engages in bad or prohibited conduct and specific remedies to avoid certain transfers. The nature and character of the Trustee's motion is more akin to a postpetition surcharge on the debtor's discharge. Section 105(a) does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules. *In re Scrivner*, 535 F.3d 1258 (10th Cir. 2008).

accounts in order to deliver cash to the Trustee. The Court will therefore deny the Trustee's motion for turnover of funds held in the Debtors' Zions Bank account.

The Debtors have not objected to the remaining demands found in the Trustee's motion for turnover; accordingly, the balance of the Trustee's motion for turnover will be granted.

---------------------------------------------END OF DOCUMENT---------------------------------------



_____ooo0ooo_____

# SERVICE LIST

Service of the foregoing **Memorandum Opinion** will be effected through the Bankruptcy Noticing Center to the following parties.

Jose L. Ruiz
Carrie Ruiz
6335 South 1300 West
Salt Lake City, UT 84123

David R. Hague
Gary E. Jubber
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111

T. Jake Hinkins
Hinkins Law, LLC
11711 Zephr Way
South Jordan, UT 84095